```
FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ MAY 28, 2019 ★
BROOKLYN OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

RUSSELL SPAIN,                                      NOT FOR PUBLICATION

              Plaintiff,

  -against-                                         MEMORANDUM & ORDER

DIONNE LOWERY, Clerk of Family                      19-cv-2158(KAM)(LB)
Court, Kings County,

              Defendant.
------------------------------------X

**MATSUMOTO, United States District Judge:**

On April 2, 2019, plaintiff Russell Spain ("plaintiff"),[1] appearing *pro se*, filed this action seeking mandamus relief against defendant Dionne Lowery in the United States District Court for the Southern District of New York. (ECF No. 2, Complaint ("Compl.").) By order dated April 5, 2019, the action was transferred to this court. (ECF No. 3, Transfer Order.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the purpose of this Memorandum and Order. However, for the reasons set forth below, this action is dismissed.

---

[1] Plaintiff is no stranger to this court. He has filed three actions here that arise from his Kings County Family Court proceedings. *See Spain v. Fisher*, No. 18-cv-4037(KAM)(LB) (dismissing petition for a writ of habeas corpus seeking this Court's intervention in a Kings County Family Court proceeding); *Spain v. Gelb & Black PC*, No. 18-cv-1551(KAM)(LB) (dismissing complaint against a law firm representing his adversary in Kings County Family Court for lack of subject-matter jurisdiction); *Spain v. Kusakabe*, No. 17-cv-5393(BMC)(PK) (dismissing writ of mandamus seeking to compel compliance with interrogatories in a Kings County Family Court action).

1

## I. BACKGROUND

This action arises from an appeal filed by plaintiff with the Supreme Court of the State of New York, Appellate Division, Second Judicial Department (the "Second Department") from an order of the Family Court, Kings County (the "Family Court") dated August 21, 2017. (Compl., Ex. A.) It appears that in connection with that appeal, the Second Department ordered that the Family Court produce certain transcripts to plaintiff. (*Id.*) Plaintiff claims that the Family Court has failed to comply with the Second Department's directive and he now seeks an order from this court compelling action by the Clerk of the Family Court. (Compl. at 4-5.) Plaintiff does not indicate why he did not seek enforcement of the state court order in state court.

## II. LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where, as here, the plaintiff is proceeding *pro se*, courts must construe the plaintiff's pleadings liberally. *See,*

*e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). However, a *pro se* complaint must still state a claim to relief that is plausible on its face. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010).

Importantly, where the plaintiff is proceeding *in forma pauperis*, the district court must screen the complaint and dismiss any action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### III. DISCUSSION

Federal courts have jurisdiction over any mandamus action "to compel an officer or employee *of the United States* or any federal agency to perform a duty" owed to plaintiff. *See* 28 U.S.C. § 1361 (emphasis added). However, "[t]he federal courts have no general power to compel action by *state* officials." *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) (emphasis added); *see also Bey v. Barnett*, No. 18-cv-3935(PKC)(RER), 2018 WL 5830815, at *1 (E.D.N.Y. Nov. 7, 2018) (same).

Plaintiff's action here does not seek to compel action by a federal official or agency. Rather, plaintiff requests an order compelling the action of a state official, the Clerk of

the Kings County Family Court. This court consequently lacks mandamus jurisdiction and plaintiff's claim must be dismissed.

## IV. CONCLUSION

Accordingly, this action is dismissed, without prejudice, for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to serve a copy of this Memorandum and Order on the *pro se* plaintiff and to note service on the docket. The Clerk of Court is further directed to enter judgment dismissing this case.

**SO ORDERED.**

Dated:   May 23, 2019
         Brooklyn, New York

                                         /s/ USDJ KIYO A. MATSUMOTO
                                         Hon. Kiyo A. Matsumoto
                                         United States District Judge

4